# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID NGUYEN,<br><br>    Defendant. | No. 07mj244<br><br>**DETENTION ORDER** |

_____

    This matter came on for detention hearing on September 21, 2007. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant David Nguyen appeared in person with his attorney, Doug Roehrich. The Government offered the testimony of DEA Special Agent Mark Minten, and Task Force Officer Elbert Andress.

    The court must determine whether any condition or combination of conditions will reasonably assure Nguyen's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

    The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Nguyen as required and the safety of the community if the court finds there is probable cause to believe Nguyen committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence offered at the detention hearing establishes that Nguyen was involved in a conspiracy to manufacture and distribute a large quantity of marijuana. The conspiracy is widespread, involving distribution to several different states. Nguyen's role in the conspiracy appears to have been significant. He directed deliveries of quantities of marijuana to at least three states outside Iowa, and evidence links him to the purchase of equipment found at the grow houses. Nugyen has recent ties to Vietnam, little stability, and the Government's case against him is strong. Further, Nguyen has failed to offer any evidence to rebut the presumption that he is a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Nguyen would be able to refrain from continuing to engage in criminal activities or would appear as required if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Ngueyn is a flight risk, and by clear and convincing evidence that Nguyen would be a danger to the community if released. Therefore, the court finds the following:

1.  Nguyen is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.  The Attorney General shall afford Nguyen reasonable opportunity for private consultation with counsel while detained.

3.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Nguyen to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Nguyen must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 24th day of September, 2007.

*(signature)*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3